HECTOR A. LA MOTTE and Others v. JOSEPH A. MOHR and Others.

November 17, 1899.

Nos. 11,901—(93).

**Partition by Referees—G. S. 1894, § 5776.**

G. S. 1894, § 5776, does not require that in partition of real estate the property allotted to the respective parties shall be of the same average quality. It merely requires that relative qualities and quantities shall be taken in consideration, in order that the value of the allotments may be

in proportion to the respective interests of the parties in the whole property.

Appeal by defendants Emelia Trudeau and John B. Trudeau from an order of the district court for Ramsey county, O. B. Lewis, J., confirming the report of referees partitioning land. Affirmed.

*Joseph T. Avery*, for appellants.

*Thomas J. McDermott*, for respondents.

MITCHELL, J.[1]

This was an action for the partition of several tracts of land of which the appellant Trudeau owned an undivided half, and the respondents Whitcomb and Rozier, respectively, owned an undivided one-third and an undivided one-sixth. The appeal is from an order affirming the report of the referees dividing the property and allotting the several portions thereof to the several parties.

That the referees acted honestly, and exercised their best judgment, is not questioned. It stands admitted by the record that the portion allotted to the appellant is, in both area and value, slightly in excess of one-half the area and value of the entire property. The only objection urged to the division is that the portion allotted to the appellant contains more than its due proportion of undesirable land, or, otherwise expressed, that it is not of as good average quality per acre as the portions assigned to the respondents. This, it is contended, is in violation of the provisions of G. S. 1894, § 5776, that the referees shall divide the property, and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties. This statute does not require that each of the portions shall be of the same average quality per acre. This would usually be impossible. All that the statute means is that quality and quantity shall both be taken into consideration in making the division, so that justice may be done to all of the parties by allotting to them portions of equal value. The fact that, according to appellant's own admission and stipulation on the trial as to the relative values of the several tracts, the portion allotted to her is of a value equal to,

[1] BUCK, J., absent took no part.

or slightly in excess of, what she was entitled to, entirely overcomes any force which the affidavits presented in opposition to the confirmation of the referees' report might otherwise have.

Order affirmed.